[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this habeas matter, filed on June 27, 1994, the petitioner alleges that the Commissioner of Corrections has miscalculated his eligibility date for parole by not crediting toward a reduction of his sentence the good time credits he has earned pursuant to Connecticut General Statutes § 18-7a. By Amended Petition dated February 3, 1995, the petitioner has set forth the number of days of jail credit he earned in pre-sentence confinement in lieu of bond, the number of days of jail credit good time he has earned, the number of days of seven day job credits he has earned, and the number of days of statutory good time he has earned. Additionally, he has set forth the number of days he has actually served in post conviction confinement. The petitioner claims that the sentence imposed by the court should be reduced by the aggregate number of these days for purposes of determining his earliest parole eligibility date, and he alleges that by such calculation he is presently eligible for parole. By subsequent amended petitions, the petitioner has updated the number of days of sentence commutation he claims to have earned. As relief, the petitioner asks the court to order the Commissioner to change the manner in which his time is calculated so that he may appear before the Parole Board.
By pleading dated April 12, 1996, the respondent has filed a Motion for Summary Judgment which claims, inter alia, that the court lacks subject matter jurisdiction.
The underlying facts are not in dispute. The petitioner was sentenced pursuant to a mittimus issued by the Superior Court, Judicial District of Hartford, on March 30, 1989 to a term of confinement of twenty (20) years for the crime of Manslaughter in the First Degree, in violation of Connecticut General Statute § 53a-55(a)(3).
The parties also agree that the petitioner served 433 days in presentence confinement. The respondent does not dispute the petitioner's claim that, as of December 15, 1995, the petitioner had earned 433 days as pretrial confinement time, 144 days as jail good time credit, 876 days as statutory good time, 238 days as seven day job credit time, and that he had actually served 2342 days in post conviction confinement. Nor does the Commissioner contest the petitioner's claim that the aggregation of these days totals 4033 days. The court notes that as a matter of mathematical calculation, 4033 days is more than one half the petitioner' s total sentence of 20 years. CT Page 4291
The respondent claims that the petitioner is only entitled to have, as credit toward his sentence for purposes of determining parole eligibility, the 433 days he served in pretrial confinement. Thus, it is the Commissioner's view that the petitioner's parole eligibility date should be calculated by adding the number of his pretrial confinement days to the number of post conviction days he has actually served and that the petitioner is eligible for parole consideration only once that number equals one half of his twenty year sentence. By the Commissioner's calculation, the petitioner's earliest parole eligibility date is January 22, 1998.
The respondent argues that C.G.S. § 54-125a, relating to the parole of prisoners who are serving definite or aggregate sentences of more than two years, indicates that such prisoners are not eligible for parole until they have been confined for not less than one half of the sentence imposed by the court. The respondent argues that since C.G.S. § 54-125a does not state that the sentence may be reduced by good time credits earned by the inmate, no such reduction should be read into the statute. In a statutory construction argument, the respondent argues that since C.G.S. § 54-125, dealing with prisoners who are serving indeterminate sentences, does state that statutory good time days may be subtracted in calculating the date of parole eligibility for prisoners serving indeterminate sentences, the court must conclude that the General Assembly's omission of this language in C.G.S. § 54-125a was intentional.
The petitioner, on the other hand, cites Seno v. Commissioner
for the proposition that his good time credits must be subtracted from the calculation of his sentence. cf. 219 Conn. 269 (1991). While Seno did not deal with the issue of sentence calculation for parole purposes, the court notes that in a footnote, the court stated, "Good time is a commutation of a sentence, affecting an inmate's parole and discharge dates, thereby serving an important rehabilitative function by allowing an inmate the opportunity to earn an earlier release for himself (citations omitted) ." Id at 282. The court also notes that the same language can be found as a footnote in McCarthy v. Commissioner,217 Conn. 568 (1991), and in Wilson v. Warden, 34 Conn. App. 503
(1994). It is, however, dicta in each instance.
The respondent also argues that the court should not reach the merits of the petitioner's claim because the petitioner does CT Page 4292 not raise an issue justiciable in habeas jurisdiction. The court agrees.
The court's determination does not flow from an indifference to the petitioner's claim but rather from it's understanding of the parameters of habeas jurisdiction and its belief that the integrity of the Great Writ will more likely be preserved if habeas relief is limited to its historical purpose of testing the legality of detention. Our Appellate Court has previously stated that ". . . There is no warrant in either the statute or the writ for its use to invoke judicial determination of questions which could not affect the lawfulness of the custody and detention, and no suggestion of such a use has been found in the commentaries on the English common law. (Citations omitted)" Vincenzo v. Warden,26 Conn. App. 132 (1991). Thus, in Vincenzo, the court sustained the dismissal of a habeas petition concerning the procedures utilized by the Parole Board on the basis that a petitioner had no liberty interest in parole release. The court stated, ". . . we hold that 54-125 also creates no protected constitutional or statutory liberty interest in parole release that gives rise to a claim of illegal confinement in a habeas action." Id at 143. Similarly, the United States Supreme Court has opined, "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1
(1979). Accordingly, since the issue raised by the petitioner does not implicate a liberty interest cognizable in habeas jurisdiction, the respondent's Motion for Summary Judgment is granted, and the petition is dismissed.
Bishop, J.